```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
PLATINUM FUNDING CORP.,

                    Plaintiff,

       - against -                          MEMORANDUM

BOSSELLI STUDIO LTD. and BOSSELLI           05 Civ. 7159 (NRB)
INTERNATIONAL LLC; CACHELL FASHIONS;
CARTORI LTD. d/b/a CARDUCCI;
SAN TROPEZ MEN'S WEAR, INC.
d/b/a ESQUIRE CLOTHING, INC.;
EXPOSUREWEAR, INC.; MODA RAY;
MULTIMODA LTD.; REFLECTION FASHIONS
LTD.; TOBALDI LTD.; VINCENT D'ELETTO;
DAVID CACHELL; DADUSH MAURICE;
FRANK ADHAMI; KEN BOORAS; RAY FAUCI;
FRANCISCO ATTERITANO; MORRIS TOBAL;
and JOHN DOES 1-4,

                    Defendants.
---------------------------------X
```



**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On May 23, 2008 this Court issued an order dismissing this action against the four remaining defendants for failure to prosecute. By Summary Order, filed on June 30, 2009, the Court of Appeals remanded the case "for clarification and for additional findings of fact or conclusions of law as necessary." Specifically, we understand that the Court of Appeals wishes us to discuss our reasoning in the context of the five factor test set out in <u>Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.</u>, 222 F.3d 52, 63 (2d Cir. 2000).

Following receipt of the remand order, this Court obtained the brief filed in the Court of Appeals by the appellant, Platinum Funding Corp. ("Platinum"). In that brief, appellant represented to the Court of Appeals, *inter alia,* that the *sua sponte* dismissal was error because "Platinum had expressed in writing its intent to try the case (even outlining its evidence to the trial judge in a 10 page letter)". Brief of Plaintiff-Appellant at 1, Platinum Funding Corp. v. Booras, No. 08-3130-cv (2d Cir. Sept. 10, 2008). The letter referred to was dated October 1, 2007, seven months before the dismissal order. Platinum failed to inform the Court of Appeals that on May 12, 2008, after numerous other defendants had settled and default judgments had been entered, in response to a status call from chambers (one of at least a dozen to plaintiff's counsel), plaintiff's counsel informed my law clerk that his client was not prepared to go to trial and that since this was a fraud action, he didn't have a summary judgment motion to make. Any suggestion that this Court was told by plaintiff's counsel on or about May 12, 2008 that he wished to schedule a trial for the remaining defendants, but that our response was to issue a detailed order dismissing his case, given the state of our

docket and the desire of all law clerks for trial experience, is simply preposterous.[1]

We turn now to the specific factors set out in Baffa. The first is the duration of plaintiff's failures or non-compliance. The circumstances surrounding this factor are somewhat unusual. From the outset, the plaintiff's counsel acknowledged his hope to piggyback this case onto a potential criminal case to be brought in New Jersey. Indeed, plaintiff's counsel expressed his appreciation to this Court for its willingness to moderate the pace of the litigation to await the potential New Jersey prosecution.[2] Thus, plaintiff's deleterious conduct and noncompliance with discovery directives of this Court continued for over two years.

As for the second factor, namely, was the plaintiff on notice that dismissal would result if the case were not in a

---

[1] Furthermore, had my law clerk somehow misunderstood the statement of plaintiff's counsel, we assume that upon receiving our May 23, 2008 Order, plaintiff's counsel would have simply contacted this Court or moved for reargument to clarify his client's intention to try the case or move for summary judgment, rather than assert that position in a nineteen page brief to the Court of Appeals.

[2] In a letter to the Court dated October 1, 2007, plaintiff's counsel wrote:
> As the Court has been advised, the New Jersey Department of Law and Public Safety (the "NJDLPS") is pursuing criminal investigations against a number of the defendants in this action. For that reason, the Court has permitted this case to take a somewhat slower course through its docket than it otherwise would have permitted to take. Platinum greatly appreciates the Court's understanding and indulgence in that regard. But Platinum equally understands that this case will no longer be allowed to await the return of potential indictments, over which neither the Court nor Platinum has any control.

Letter of Cory M. Gray, Oct. 1, 2007.

-3-

posture such that it could be resolved on the merits, the answer is yes. In this case, at least six pretrial conferences (mostly in person) were held at which discovery cut-offs were set and then adjourned at the request of the parties (including the plaintiff). As the parties repeatedly reported their lack of progress (since the plaintiff kept waiting for a New Jersey prosecution which we believe never eventuated and since the defendants had little incentive to engage), this Court expressed its increasing impatience and repeatedly advised, for example, at conferences held on June 18, 2007, September 17, 2007, and October 17, 2007, that the case had to be attended to and resolved.

One sequence occurring near the end of the case illustrates the pattern which resulted in the eventual dismissal only after plaintiff's counsel advised that his client was neither prepared to try the case nor move for summary judgment. At a status conference on October 17, 2007, the discovery cutoff was adjourned once again until November 17, 2007[3] and plaintiff was directed to send a letter to the Court within thirty days indicating, with respect to each defendant, whether the case was to be resolved by: (a) default judgment; (b) settlement; (c)

---

[3] In fact, plaintiff did not take any depositions despite this Court's pointing out to plaintiff's counsel that even a deposition at which a defendant asserted the Fifth Amendment could be valuable given the availability of an adverse inference to be drawn therefrom.

-4-

summary judgment; (d) trial; or (e) dismissal. That letter was not forthcoming in the time frame ordered. After six phone calls from chambers reminding plaintiff's counsel of his obligation, it was not until April 7, 2008 that a letter was received. And it was not until April 30, 2008, following a warning that the case would be dismissed, that plaintiff submitted a default judgment motion. That submission was over six months after plaintiff was told at the October 17, 2007 conference that default judgments had to be submitted with respect to defaulting defendants. Even then this Court did not dismiss the case until after plaintiff's counsel informed us that his client did not want to proceed to a merits resolution by trial or motion.

The third factor may be disposed of readily, since prejudice to any remaining defendant was not a motivating factor in dismissing this case.

In this case, the fourth factor, whether this Court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard, should be considered in conjunction with the fifth factor, whether the court adequately considered the efficacy of a sanction less draconian than dismissal. The bottom line here is that plaintiff forewent the opportunity for a merits determination.

It was only after years of this Court's holding conferences, setting schedules, prodding the parties to resolve their disputes (as was done with most defendants by settlement or default judgment), doggedly pursuing plaintiff's counsel and indeed suggesting to plaintiff ways to move its case forward (for example, by taking advantage of the inference that would result from the assertion of the Fifth Amendment by a defendant deponent), and after plaintiff took no depositions despite seeking numerous discovery extensions and ultimately informed my law clerk that plaintiff was neither willing to go to trial nor willing to make a summary judgment motion, that this Court dismissed the case. Given that, at that time, the case was approximately three months shy of its third anniversary -- the length of time Congress has deemed significant -- this Court was entitled to consider managing its docket. Most importantly, the Court weighed plaintiff's own decisions, which had foreclosed any other alternative to dismissal.

In light of the pattern of plaintiff's failure to prosecute its case and its repeated noncompliance with this Court's directives even when accompanied by warnings of dismissal, and after weighing the factors discussed above, this Court found the remedy of dismissal to be appropriate under the circumstances.

Dated:      New York, New York
            October 13, 2009

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum have been mailed on this date to the following:

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
500 Pearl Street
New York, NY 10007

Cory Mitchell Gray
Greenberg Traurig LLP
200 Park Avenue
Florham Park, NJ 07932

Salamon Davis, Esq.
The Law Office of Salamon Davis
39 West 37th Street, 3rd Floor
New York, NY 10018

Barry R. Feerst, Esq.
Law Office of Barry R. Feerst, P.C.
236 Broadway
Brooklyn, NY 11211

Steven Craig Bagwin, Esq.
Law Offices of Steven C. Bagwin
100 Summit Lake Drive, Suite 120
Valhalla, NY 10595